UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROLANDO Q. ALVARADO,

    Petitioner,

v.

    Case No. 2:17-cv-115

    HON. JANET T. NEFF

CATHERINE BAUMAN,

    Respondent.
_____/

# OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's three, numbered objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

***Petitioner's Ground for Habeas Relief.*** The Magistrate Judge concluded that (1) the state appellate court was not unreasonable in rejecting Petitioner's ineffective-assistance-of-counsel claim and (2) "the record strongly supports the [state] court's analysis" (R&R, ECF No. 12 at PageID.416). Based on statements made by the prosecutor in closing, the Magistrate Judge determined that, "the prosecutor clearly recognized that Petitioner's trial counsel had called into

question Price's credibility" (*id.* at PageID.417-418).  The Magistrate Judge also found that "there is ample support in the record for court of appeal's determination that it would have been strategically imprudent to ask the jury to more closely focus on the seriousness of Price's wounds" (*id.* at PageID.419).

In his first objection to the Report and Recommendation, Petitioner argues that he is entitled to habeas relief on his single claim of ineffective assistance of counsel because "trial counsel failed to use exculpatory material scientific evidence (victim's medical records) and request for a 'Daubert hearing' and present 'expert testimony' to impeach the victim Price's testimony" (Objs., ECF No. 13 at PageID.421).  Petitioner's objection merely reiterates the arguments he made in his petition.  Petitioner does not demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  Therefore, Petitioner's first objection is without merit and is denied.

***Petitioner's Request for an Evidentiary Hearing.***  The Magistrate Judge concluded that "[n]othing more is required to satisfy *Strickland's* deferential standard of review" than the previously mentioned determination that the state court analysis is not unreasonable (R&R, ECF No. 12 at PageID.416).  The Magistrate Judge noted that Petitioner requested the state appellate court remand for an evidentiary hearing and that request was denied when the state appellate court concluded that further factual development was unnecessary (*id.* at PageID.411).

In Petitioner's second and third numbered objections, he argues that he is entitled to an evidentiary hearing.  Specifically, "Petitioner contends that the state court's adjudication and evidentiary findings without holding an evidentiary hearing and [providing] Petitioner an opportunity to present evidence … resulted in an unreasonable determination of facts" (Objs., ECF No. 13 at PageID.422).  According to Petitioner, the "essence" of his "objection to the Magistrate

Judge's report and recommendation is that the record in state court proceedings, and in this honorable court is inadequately developed[,] and the failure to provide Petitioner a full and fair hearing would be a 'manifest injustice'" (*id.* at PageID.424).

Written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). Petitioner's objections fail to identify—let alone demonstrate—specific factual or legal errors in the Report and Recommendation. Therefore, Petitioner's second and third numbered objections are also properly denied.

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's ineffective-assistance-of-counsel claim debatable or wrong. A certificate of appealability will therefore be denied. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 13) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 12) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: October 3, 2019         /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge